UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-21790-CIV-KING

ALEXANDER ZAMORA,

       Plaintiff,

v.

WILLIAMS-SONOMA STORES INC.,
A California Corporation,

       Defendant.

_____/

## ORDER GRANTING SUMMARY JUDGMENT

**THIS CAUSE** is before the court upon Defendant William-Sonoma Stores, Inc.'s Motion

for Summary Judgment (D.E. # 31) filed on June 7, 2010.  Plaintiff Alexander Zamora filed his

response (D.E. #49) on July 1, 2010.  Defendant replied on July 14, 2010 (D.E. #62).

**I.    BACKGROUND**

On June 29, 2009, Plaintiff filed his seven-count Complaint alleging discrimination based

on national origin, disability, and retaliatory acts.  The facts are as follows: In 1996 Plaintiff

injured his ankle in a military accident while serving in the United States Army.  After his

discharge, Plaintiff held numerous positions in retail, including Bloomingdales where he worked

under the supervision of Ms. Kann.  Thereafter,  Ms. Kann left Bloomingdales to work at

Defendant's store and recruited Plaintiff to join her.  Plaintiff was employed by Defendant from

September 2006 through December 24, 2007, put on medical leave from December 29, 2007

through the calender year of 2008, and formally terminated on January 20, 2009.  Plaintiff alleges

that he was treated differently by his superiors, primarily Ms. Kann, because he was Hispanic and that he was discriminated against based on his ankle injury.

In March, May, and June of 2007, Ms. Kann (Plaintiff's direct supervisor) and Ms. Mylott (Human Resource manager) met with Plaintiff for coaching sessions. They were concerned that Plaintiff was not giving timely notice of doctor's appointments and not following his doctor's orders by returning to work early. Plaintiff was never formally disciplined. Between September 2006 and December 24, 2007, Ms. Kann gave Plaintiff two performance appraisals indicating that Plaintiff had exceeded expectations. The first appraisal resulted in a paid bonus for Plaintiff.

On December 24, 2007, Plaintiff left work early after he claimed his leg was hurting from a minor traffic accident that occurred the previous day. On December 28, 2007, he was placed on leave of absence by his doctor. On January 4, 2008, Plaintiff contacted Ms. Mylott to request medical leave of absence which was granted effective December 29, 2007. On January 10, 2008, Plaintiff contacted Ms. Mylott to complain about the alleged discrimination that occurred as well as claiming that he injured his foot while at work on December 24, 2007. On April 23, 2008 Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations alleging national origin, disability discrimination, and retaliation.

In January of 2009, Plaintiff's doctor submitted certification that Plaintiff remained unable to work. At that time, Plaintiff had exhausted all family medical leave, company medical leave, and personal leave and his employment was terminated. Howard Lester, President of Defendant's corporation, sent Plaintiff a letter stating that if Plaintiff wished to return to work he

should contact the company.  At the present time, Plaintiff is still unable to work

## II.    STANDARD OF REVIEW

Summary judgment is appropriate where the pleadings and supporting materials establish

that there is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law.  See Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322,

106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  If the record as a whole could not lead a rational

fact-finder to find for the nonmoving party, there is no genuine issue of fact for trial. *See*

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89

L.Ed.2d 538 (1986).

The moving party bears the burden of pointing to the part of the record that shows the

absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157,

90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 645 (11th

Cir.1997).  Once the moving party establishes the absence of a genuine issue of material fact, the

burden shifts to the nonmoving party to go beyond the pleadings and designate "specific facts

showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548; *see also*

*Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir.1991) (holding

that, to meet its burden, the nonmoving party must "come forward with significant, probative

evidence demonstrating the existence of a triable issue of fact.").

On a motion for summary judgment, the court must view the evidence and resolve all

inferences in the light most favorable to the nonmoving party, *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); however, a mere scintilla of evidence

in support of the nonmoving party's position is insufficient to defeat a motion for summary

3

judgment. *See id.* at 252, 106 S.Ct. 2505. If the evidence offered by the nonmoving party is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249-50, 106 S.Ct. 2505.

## III.   ANALYSIS

### A.   Claims For Discrimination Based On National Origin

In Defendant's Motion for Summary Judgment, Defendant argues that Plaintiff is unable to identify any specific conduct or statements demonstrating discriminatory animus against the Plaintiff because of his national origin. Defendant states that Plaintiff relies only on his feeling of being discriminated against which is not enough to sustain a claim of discrimination based on national origin. Additionally, Defendant alleges that Plaintiff failed to establish that he suffered an adverse employment action that would warrant a finding of discrimination based on national origin. The Plaintiff counters that he was discriminated against by Ms. Kann's behavior. Plaintiff states that Ms. Kann did not want to be in the same room with him and that she did not talk to him frequently. Plaintiff further substantiates his claim by using an incident that occurred to another Hispanic employee in the company.

In order to find discrimination based on national origin, the Plaintiff must establish that he belongs to a protected class, that he suffered adverse employment action, that he and a similarly-situated non-protected person were dissimilarly treated, and that the employment action was casually related to the protect status. *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004). On these fact, Plaintiff fails to establish a valid claim for discrimination based on national origin because he does not allege that he suffered an adverse employment action nor does he allege that employees were treated differently. Plaintiff states that he felt he was treated

4

differently than his co-workers, but a mere feeling is not enough to establish unlawful

discrimination. The Court agrees with the conclusion reached by the Western District of New

York in *Hines v. Hillside Center*. 73 F. Supp.2d 308, 318. (W.D.N.Y 1998). In *Hines*, the

Court held that "feelings are not evidence. Without an objectively reasonable basis for those

feelings, they are irrelevant." *Id.* at 318. *Hines v. Hillside Children's Ctr.*, 73 F. Supp.2d 308,

318. (W.D.N.Y 1998). Further, *Hines* stated that the Plaintiff had not presented enough

evidence to substantiate his feelings of discrimination, and that him being black was not a

sufficient basis to conclude that he was discriminated against. *Id.* at 318. Similarly in this case,

Plaintiff has not proffered evidence that would lead the court to conclude that he was

discriminated against based on national origin. Additionally, the Eleventh Circuit has held that

"only the most blatant remarks, whose intent could be nothing other than to discriminate on the

basis of [the protected characteristic] ... constitute direct evidence of discrimination". *Yili Tseng*

*v. Florida A&M University,* No. 09-15297, 2010 U.S. App. WL 2130625, at *1 (11th Cir. May

27, 2010). In his deposition, the Plaintiff testified that he did not know why Ms. Kann

discriminated against him but she never said that it was due to him being Hispanic or Cuban.

(Zamora Dep. 57: 9-13 April 15, 2010). This would not qualify as a blatant remark which the

Eleventh Circuit has deemed necessary when alleging discrimination.

Additionally, Plaintiff has not suffered any adverse employment actions. Plaintiff relies

on an incident that happened to another employee but not any incidents that he was directly

involved in. Even if Plaintiff was able to rely on said incident he admits in his deposition that

that incident had nothing to do with the employee's national origin but rather the employee's

ability to perform his employment duties. (Zamora Dep. 68:22-25, 75:9-20 April 15, 2010).

5

Further, Plaintiff received praise on both his performance evaluations written by his supervisor. The first appraisal even resulted in a paid bonus because he had exceeded expectations. On these facts, the Plaintiff is unable to establish a prima facie case for discrimination based on national origin.

**B.    Claims For Discrimination Based on Disability**

Turning to Plaintiff's claim for disability, Defendant argues that Plaintiff also failed to prove that he was subjected to any discrimination due to his disability. Moreover, Defendant states that they provided reasonable accommodations for the Plaintiff. Plaintiff counters that there are genuine disputes of material fact that preclude granting Defendant's motion. Specifically, Plaintiff contends that he was denied requests for medical treatment and ordered to perform duties outside of his doctor's restrictions, thus being denied reasonable accommodations. Additionally, Plaintiff alleges he was treated differently by coworkers and supervisors due to his disability, including being subjected to resentful comments and encountering difficulty when scheduling appointments not experienced by other employees.

To establish a cause of action for disability discrimination under the American with Disabilities Act and Florida Law are: (1) Plaintiff was disabled; (2) Plaintiff was a qualified individual; and (3) Plaintiff was subject to unlawful discrimination because of his disability. *Carruthers v. BSA Adver., Inc.*, 357 F.3d 1213, 1215 (11th Cir. 2004). "Plaintiff must first establish a prima facie case for discrimination. The burden then shifts to the Defendant to articulate certain legitimate reasons for its purportedly unlawful acts. Finally, the burden returns to the Plaintiff to prove that those reasons are pretextual." *Armbrester v. Talladega City Bd. of Educ.* 325 Fed.Appx. 877, 879 (11th Cir. 2009). Further, an employer is required by law to

"make reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business." 42 U.S.C. § 12112(b)(5)(A) (2009). Thus, the Court must resolve whether Plaintiff has satisfied the required elements and whether Plaintiff was reasonably accommodated.

The Court first looks at the satisfaction of the stated elements. After careful review, the Court has determined that Plaintiff failed to establish a prima facie case of discrimination based on disability. In particular, Plaintiff has not sufficiently evidenced that he endured any adverse actions or unlawful discrimination as a result of his disability, and thus the burden does not shift to the Defendant to provide any nondiscriminatory reasons for the alleged unlawful behavior. Although Plaintiff states that he was denied medical treatment and the ability to leave work due to medical necessity, he contradicts these statements when he testified that he was never denied medical leave of absence that was requested by his doctor and that he was never refused the ability to leave work because of a medical necessity. (Zamora Dep. 86:21-25, 93:22-24, 94:2, April 15, 2010). On these facts, there is no evidence that Defendant unlawfully discriminated or otherwise committed adverse actions against Plaintiff due to his disability.

Plaintiff has also failed to show that he was not reasonably accommodated. Defendant granted the requested accommodations submitted by Plaintiff's doctor restricting Plaintiff's lifting, walking, and standing, and directed Plaintiff to comply with those restrictions. Further, Plaintiff exhausted all family medical leave, company medical leave, and personal leave allotted to employees of Defendant company. Plaintiff was placed on medical leave for th entire 2008 calendar year. It was only after this time period that he was terminated permanently, and told by

7

the President of Defendant company that when he was medically cleared and wished to return to work that he should contact the company.  There is no evidence suggesting that Plaintiff was not reasonably accommodated or that he suffered unlawful discrimination due to his ankle injury.

## C.    Retaliation Claims

Finally, Defendant moves for summary judgment on Plaintiff's retaliation claim. Defendant argues that Plaintiff failed to prove that he was subjected to any retaliatory actions, or that he was involved in any protected activity, and that there was a causal connection between the alleged protected activity and any adverse employment actions. Plaintiff counters that there are disputed facts that need to be resolved. Specifically, Plaintiff contends that he was engaged in protected activity when he confronted his supervisor about her treatment regarding a fellow employee and complained about this incident to human resources. Further, Plaintiff states after he reported the incident he was assigned tasks without the proper support staff and that had an adverse impact on his ankle injury.

In order to establish a claim of retaliation, the Plaintiff must show: "(1) that he engaged in a statutorily protected conduct; (2) that he suffered an adverse employment action; and (3) that there was some causal relation' between the two events". *Alvarez v. Royal Atlantic Developers, Inc.,* No. 08-15358, 2010 U.S. App. WL 2631839, at *11 (11th Cir. July 2, 2010).  If a plaintiff makes out a prima facie case of retaliation, the burden then shifts to the defendant to produce legitimate reasons for the adverse employment action.  *Shannon v. Bellsouth Telecoms., Inc.,* 292 F.3d 712, 715 (11th Cir. 2002).

After careful review, the court has determined that the Plaintiff has failed to establish a prima facie case for retaliation on all counts. As to the retaliation claim based on national origin,

8

the Plaintiff has failed to indicate any adverse employment action taken as a result of his national origin. The Plaintiff relies on the fact that he was treated differently by his supervisor after he complained to human resources about the treatment of a fellow employee, but there is no evidence that the incident occurred because of the employee's national origin. Moreover, in Plaintiffs's deposition, he states that the particular employee felt that he was being treated differently but did not mention it was due to his national origin. (Zamora Dep. 80:15-25, 81:1-2). Disciplining an employee is not a protected activity unless the discipline is prompted by the employee's race, color, religion, sex, or national origin. Assuming arguendo that this incident had occurred because of the employee's national origin, there is still no evidence of an adverse action taken by the employer.

The Plaintiff has also failed to establish a prima facie case for a retaliation claim based on disability discrimination. Plaintiff contends that Defendant required him to perform tasks beyond his restrictions, he was denied the right to leave work due to a medical necessity, and that he was terminated because of his disability. As previously discussed, Plaintiff testified that he was never denied the right to leave work due to a medical necessity. (Zamora Dep. 86:21-25, 93:22-24, 94:2, April 15, 2010). Furthermore, Plaintiff was reasonably accommodated and was not terminated until a year of being on medical leave. Lastly, Plaintiff claims he was required to perform tasks outside of his doctor's recommendations but also contradicts this statement in his deposition. Plaintiff is asked if he was able to perform his managerial duties at the end of 2007 (Zamora Dep. 26:19-20, May 4, 2010), where in he replies, "I performed those functions. At times, if my ankle was bad, I had to let Ellen (Ms. Kann) know, and I would have to sit down. (Zamora Dep. 26:20-22, May 4, 2010). Further, Plaintiff stated that he was not required to lift

more than 75 pounds and that the stockroom employees would be responsible for lifting. (Zamora Dep. 5:20-21, May 4, 2010)(Zamora Dep. 53:21-25, April 12, 2010). As evidenced by his deposition, Plaintiff was allowed to rest when his ankle was bothering him and was not required to do any heavy lifting. On these facts there is simply no evidence that Plaintiff engaged in a protected activity or that he suffered any adverse employment action to substantiate his claims for retaliation. The Court being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** that

> 1. Defendant's Motion for Summary Judgment (D.E. #31) be, and the same is
>
> hereby, **GRANTED**.
>
> 2. All pending motions are denied as moot.
>
> 3. The clerk shall close this case.

**DONE** and **ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 3rd day of August, 2010.

JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:   *Counsel for Plaintiff*

**Jennifer E. Daley**
Amlong & Amlong
500 NE 4th Street
2nd Floor
Fort Lauderdale, FL 33301-1154

10

**William Robert Amlong**
Amlong & Amlong
500 NE 4th Street
2nd Floor
Fort Lauderdale, FL 33301-1154

***Counsel for Defendant***

**Kristy Marie Johnson**
Carlton Fields
100 SE 2nd Street
Suite 4000 PO Box 019101
Miami, FL 33131-9101

**Mark T. Kobata**
Barlow Kobata & Denis
2049 Century Park East
Suite 2270
Los Angeles, CA 90067-3124

11